**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| RICHARD F. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22 CV 52 DDN |
| | ) |
| CORIZON, INC., et al., | ) |
| | ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

Now before the Court are multiple motions from self-represented Plaintiff Richard F. Brown. First, Plaintiff seeks leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $21.70. *See* 28 U.S.C. § 1915(b)(1). Second, Plaintiff requests leave to file an amended complaint in this matter. ECF No. 8. As leave to amend should be freely given, the Court will grant Plaintiff's request and give him thirty (30) days to file an amended complaint. Fed. R. Civ. P. 15. Plaintiff's amended complaint must be on a court-form, as required by the Local Rules. E.D. Mo. Local Rule 2.06(A). Since Plaintiff is proceeding *in forma pauperis* in this matter, Plaintiff is advised that the Court will review his amended complaint under 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.[1]

---

[1] The Court acknowledges that Plaintiff also has a pending motion for appointment of counsel before the Court. *See* ECF No. 4. This motion will be decided upon receipt of the amended complaint so that the Court can fully examine the factual and legal complexity of the issues of the case.

### Motion to Proceed *In Forma Pauperis* and Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner at the Northeast Correctional Center in Bowling Green, Missouri. ECF No. 1 at 1. In support of his application to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $108.50, over a six-month period. ECF No. 3. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $21.70, which is twenty percent of Plaintiff's average monthly deposit.

### Motion for Leave to File An Amended Complaint

Plaintiff seeks leave to file an amended complaint, in order to add defendants and factual claims to this matter. ECF No. 8 at 1. As this case is still in the early stages and leave to amend should be freely given, Plaintiff's motion will be granted. His amended complaint should be filed within thirty (30) days of the date of this Order and on a court-provided form. To the extent

Plaintiff seeks other relief in his motion to amend, it is denied. *See id.* at 2 ("Wherefore, Plaintiff requests the court find that plaintiff has presented requisite facts necessary and that the court will order the Marshall's office to serve the complaints.").

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a)

Case: 2:22-cv-00052-DDN   Doc. #: 9   Filed: 09/28/22   Page: 4 of 6 PageID #: 172

("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff states in his motion to amend that he would like to add a new defendant "solely for the reasons of medical records and testimony." ECF No. 8 at 1. The defendants named in the amended complaint should only be those persons or entities against which Plaintiff can state a claim for relief. Plaintiff should not name a person as a defendant merely because the person has access to relevant medical records. If Plaintiff is suing a defendant in an individual capacity, he is

required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $21.70 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint [ECF No. 8] is **GRANTED in part and DENIED in part**. Plaintiff shall file an amended complaint on a court-provided form within **thirty (30) days** of this Order. Plaintiff's motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FINALLY ORDERED** that upon submission of the amended complaint, the Court shall review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 28th day of September, 2022.

*/s/ David D. Noce*
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE